UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

......................................................................X

WILSON MALDONADO, on behalf of himself
and all others similarly situated,

                          Plaintiff,

          v.

SCOPA6, LLC d/b/a/ GINO'S OF COMMACK,
7 STROMBOLI, LLC d/b/a GINO'S OF
NESCONSET, GIUSEPPE G. LICATA a/k/a
JOSEPH G. LICATA, MICHAEL LICATA,
NICHOLAS DI NARDO,

                      Defendants.

....................................................................

**Index No.**

**COMPLAINT**

**FLSA COLLECTIVE ACTION
& RULE 23 CLASS ACTION**

Plaintiff WILSON MALDONADO ("Plaintiff"), by and through his attorneys, on behalf of himself and all others similarly situated, alleges, upon personal knowledge as to himself, and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1.     Plaintiff brings this action, on behalf of himself and other employees similarly situated, against Defendants SCOPA6, LLC d/b/a/ GINO'S OF COMMACK, 7 STROMBOLI, LLC d/b/a GINO'S OF NESCONSET, GIUSEPPE G. LICATA a/k/a JOSEPH G. LICATA, MICHAEL LICATA, and NICHOLAS DI NARDO (collectively referred to herein as "Defendants") to remedy violations of the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiff seeks, for himself and similarly situated employees, declaratory and injunctive relief, unpaid wages including unpaid overtime, liquidated damages, reasonable attorneys' fees, costs, and all other appropriate legal and equitable relief, pursuant to the FLSA and other applicable federal law.

1

2.      Plaintiff also brings this action, on behalf of himself and other employees similarly situated, to remedy violations of the New York Labor Law ("NYLL"), including NYLL § 190 *et seq.*, § 650 *et seq.*, including 663(1), and 12 NYCRR § 146.  Plaintiff seeks, for himself and all other similarly situated employees, declaratory and injunctive relief, unpaid wages including unpaid overtime, unpaid spread of hours pay, interest, reasonable attorneys' fees, costs, liquidated damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663 and the supporting New York State Department of Labor regulations, including the Hospitality Industry Wage Order.

3.      Plaintiff also brings this action, on behalf of himself and other employees similarly situated, to remedy violations of NYLL § 195(1) and (3).  Plaintiff seeks, for himself and all other similarly situated employees, statutory damages, costs, and reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to the NYLL § 198(1-b) and (1-d).

## JURISDICTION AND VENUE

4.      Jurisdiction of the Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.      Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper within this District, pursuant to 28 U.S.C. § 1391, because Defendants do business in, and accordingly reside in, this District.  Venue is further proper within this District pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

2

## PARTIES

6.     Plaintiff resides in the State of New York.

7.     Plaintiff was employed by Defendants as a non-exempt employee within the hospitality industry, assigned to work in Defendants' pizzeria, as described herein, from July, 2021 until the end of September, 2021.

8.     Defendant SCOPA6, LLC d/b/a/ GINO'S OF COMMACK ("Gino's of Commack"), is a New York Domestic Limited Liability Company registered in the State of New York with its address for service of process at Gino's of Commack, 5990 Jericho Turnpike, Commack, New York.

9.     Defendant 7 STROMBOLI, LLC, d/b/a GINO'S OF NESCONSET ("Gino's of Nesconset"), is a New York Domestic Limited Liability Company registered in the State of New York with its address for service of process at 377 Court House Road, Franklin Square, New York.

10.    Defendant GIUSEPPE G. LICATA a/k/a JOSEPH G. LICATA ("Defendant Giuseppe") is the owner, manager, and/or operator of Defendant Gino's of Commack and Defendant Gino's of Nesconset.

11.    Defendant Giuseppe had, and has, the power to hire, fire, and set the wages and hours of all the employees of Defendant Gino's of Commack and Defendant Gino's of Nesconset, including Plaintiff and others similarly situated, and regularly supervised Plaintiff and the other employees working for Defendant Gino's of Commack and Defendant Gino's of Nesconset.

12.    Defendant Giuseppe hired Plaintiff, set his hours of work including his breaks, negotiated his day-rate of pay with him, and set the number of days of work per week.

13.    Defendant MICHAEL LICATA ("Defendant Michael") is the owner, manager, and/or operator of Defendant Gino's of Commack and Defendant Gino's of Nesconset.

3

14.     Defendant Michael had, and has, the power to hire, fire, and set the wages and hours of all the employees of Defendant Gino's of Commack and Defendant Gino's of Nesconset, including Plaintiff and others similarly situated, and regularly supervised Plaintiff and the other employees working for Defendant Gino's of Commack and Defendant Gino's of Nesconset.

15.     Defendant Michael supervised the day-to-day operations of Gino's of Commack.

16.     Defendant NICHOLAS DI NARDO ("Defendant Nicholas") is the owner, manager, and/or operator of Defendant Gino's of Commack and Defendant Gino's of Nesconset.

17.     Defendant Nicholas had, and has, the power to hire, fire, and set the wages and hours of all the employees of Defendant Gino's of Commack and Defendant Gino's of Nesconset, including Plaintiff and others similarly situated, and regularly supervised Plaintiff and the other employees working for Defendant Gino's of Commack and Defendant Gino's of Nesconset.

18.     Defendants Gino's of Commack and Gino's of Nesconset are collectively referred to herein as the "Corporate Defendants."

19.     Defendants Giuseppe, Michael, and Nicholas are collectively referred to herein as the "Individual Defendants."

20.     Defendants Gino's of Commack, Gino's of Nesconset, Giuseppe, Michael, and Nicholas are collectively referred to herein as the "Defendants."

21.     Defendants grossed more than $500,000.00 in each of the last six calendar years.

22.     At all times relevant hereto, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of § 3(r) & (s) of the FLSA, 29 U.S.C. § 203 (r) & (s).

23.     At all times relevant hereto, Defendants employed employees, including Plaintiff and the members of the FLSA Collective, who were employed by Defendants' enterprise engaged

4

in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of § 3(b), (g), (i), (j) (r) and (s)(A)(i) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s)(A)(i).

24.     At all times relevant hereto, Defendants have been, and continue to be, an "enterprise engaged in commerce or in the production of goods for commerce," within the meaning of 29 U.S.C. § 203 and 29 U.S.C. § 207(a)(1).

25.     At all times relevant hereto, Defendants have been, and continue to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NYLL §190(3).  At all times relevant hereto, Defendants have employed "employee[s]", including Plaintiff and each of the members of the FLSA Collective and Class Members.

## FACTUAL ALLEGATIONS

26.     Defendants operate a chain of four Pizza Bar Restaurants serving "inventive cuisine", along with "attentive service and a friendly atmosphere" – each of which they claim are "one of the most popular restaurants in town".[1]

27.     To prepare and serve their food and drinks, Defendants employed and continue to employ numerous non-exempt employees, including Plaintiff, members of the FLSA Collective, and the Class Members.

28.     On each of their four websites, job applicants are directed to a submit their "online job application" via the webpage https://ginosofkingspark.com/apply.[2]

---

[1]  https://www.ginosofcommack.com, https://ginosofnesconset.com, https://www.ginosofnorthport.com, https://ginosofkingspark.com (accessed July 21,2022).

[2] Accessed July 21, 2022.

29.     Defendant Giuseppe handles the job postings and hiring decisions for Defendants' four Pizza Bar Restaurants.

30.     On information and belief, Defendants share their record keeping, payroll, and website/IT departments.

31.     The Individual Defendants are all actively involved in managing the businesses of the Corporate Defendants and their employees, including Plaintiff.

32.     The Individual Defendants regularly inspect Defendants' Pizza Bar Restaurants.

33.     The Individual Defendants were directly involved in managing and overseeing Plaintiff and his work performance.

34.     Defendants Michael and Nicholas regularly instructed Plaintiff on how to perform their jobs and got involved when there were any issues.

35.     The Individual Defendants also hired employees.

36.     For example, Defendant Giuseppe hired Plaintiff and told him how much he would be paid, his hours and days of work, and his schedule.

### *Overtime*

37.     Defendants operate their Pizza Bar Restaurants eleven (11) to twelve (12) hours a day – seven (7) days a week.

38.     Defendants employed Plaintiff, members of the FLSA Collective, and the Class Members to work at least five shifts each week.  These shifts averaged at least ten or more hours per day.

39.     For example, Plaintiff worked five shifts a week, each twelve (12) hours long, from 10 am to 10 pm.

40.     Defendants paid Plaintiff, members of the FLSA Collective, and the Class Members a flat rate for each day.

41.     Although Plaintiff, members of the FLSA Collective, and the Class Members regularly worked as many as fifty-five hours or more per week, in violation of the FLSA and the NYLL, Defendants never paid them overtime at the rate of one and one half times their regular hourly rate for the hours over forty that they worked in a workweek.

42.     Defendants did not record all work time and Defendants often instructed Plaintiff, members of the FLSA Collective, and the Class Members to start working before the beginning of their shift and/or to continue working after the end of their scheduled shift.

43.     Defendants failed to keep accurate and sufficient time records as required by Federal and State laws.

44.     Defendants failed to post or keep posted notices explaining the rights of employees under the FLSA and NYLL, causing Plaintiff, the FLSA Collective and the Class Members to be uninformed of their rights.

45.     Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiff, the members of the FLSA Collective and the Class Members.

### *Spread of Hours*

46.     Defendants regularly scheduled Plaintiff, members of the FLSA Collective, and the Class Members to work shifts of more than ten hours.

47.     Despite the spread of hours requirements of the NYLL and its implementing regulations, Defendants never paid Plaintiff, members of the FLSA Collective, and the Class Members an additional hour of pay at the minimum hourly rate for these long shifts as required by 12 NYCRR § 146-1.6.

7

*Notice Violations*

48.     Defendants never provided Plaintiff, members of the FLSA Collective, and the Class Members a notice in writing of their wage and overtime rate at the time that they were hired, as required by section 195(1) of the NYLL.

49.     Defendants regularly paid Plaintiff, members of the FLSA Collective, and the Class Members in cash for some or all of their work and did not provide Plaintiff, members of the FLSA Collective, and the Class Members with any wage statements.

## FLSA COLLECTIVE ACTION ALLEGATIONS

50.     Plaintiff brings the First Cause of Action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt workers who were employed by Defendants to work at their Pizza Bar Restaurants on or after the date that is three years prior to the filing of this Complaint to the entry of judgment in this case.  All said persons, including Plaintiff, are referred to herein as the members of the "FLSA Collective."

51.     At all relevant times, Plaintiff and the other members of the FLSA Collective are and have been similarly situated and have been subject to Defendants' common policies and practices of  willfully violating the Fair Labor Standards Act as set forth in this complaint.  The claims of Plaintiff herein is essentially the same as those of the other members of the FLSA Collective.

52.     Other non-exempt workers currently or formerly employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard.  Certifying this action as a collective action under the FLSA will provide them notice of the action and allow them to opt in to such an action if they so choose.

53.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to section 16(b) of the FLSA, 29 U.S.C. 216(b).  The members of the FLSA Collective are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants based on records they are required to maintain by law.  Notice can be provided to the members of the FLSA Collective via first class mail to the last addresses known to Defendants and by notices posted at Defendants' restaurants where the members of the FLSA Collective work.

### RULE 23 CLASS ALLEGATIONS – NEW YORK LABOR LAW

54.     Plaintiff brings the Second and Third Causes of Action pursuant to Fed. R. Civ. P. ("FRCP") Rule 23, to recover unpaid wages, unpaid overtime pay, unpaid spread of hours pay, liquidated damages, and statutory damages on behalf of a class of all non-exempt individuals employed by Defendants to work at their Pizza Bar Restaurants on or after the date that is six years before the filing of the original Complaint in this case until the entry of judgment in this case (the "Class Period").  All said persons, including Plaintiff, is referred to herein as the "Class Members" and/or the "Class".

55.     The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendants.  The dates of employment and the rates of pay for each Class Member, the hours assigned, and the wages paid to them, are also determinable from Defendants' records.  Notice can be provided by means permissible under FRCP Rule 23.

56.     The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiff and is presently within the sole

control of Defendants, Plaintiff believes that through discovery he will obtain evidence to establish that there are well over forty members of the Class.

57.     Plaintiff's claims are typical of the claims of the Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same enterprise-wide practices of Defendants, in that they were not properly compensated for all hours and overtime hours worked and for spread of hours pay.  Moreover, all of the Class Members were subject to Defendants' policies of failing to give the Class Members the required NYLL §195(1) notices at  their hiring and failing to give the Class Members the wage statements required by NYLL § 195(3).  Defendants' enterprise-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

58.     As fellow employees of Defendants, which failed to compensate Plaintiff and the Class Members as required by law, Plaintiff and the other Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

59.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent in employment and wage and hour litigation and class action litigation.  Plaintiff's counsel have many times previously represented plaintiffs in wage and hour class cases.

60.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and

without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

61.     Upon information and belief, employees are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because of the fear that doing so could harm their employment, future employment, and future efforts to secure employment.  A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

62.     The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including:

a        Whether Defendants failed to pay Class Members one and one half times their regular hourly rates, as required by 12 NYCRR § 146-1.4, for all hours worked in excess of forty (40) in a workweek;

b        Whether Defendants paid spread of hours premiums to the Class Members for all days on which the Class Members' spread of hours exceeded ten (10) hours, as required by 12 NYCRR § 146-1.6;

c        Whether Defendants provided written notices to the Class as required by 12 NYCRR § 146-2.2 and NYLL § 195(1); and

d        Whether the pay statements that Defendants issued to the Class violated 12 NYCRR § 146-2.3 and NYLL § 195(3).

63.     Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the NYLL.

## FIRST CAUSE OF ACTION

**(Fair Labor Standards Act, Brought by Plaintiff on Behalf of
Himself and the Members of the FLSA Collective)**

64.     Plaintiff, on behalf of himself and the members of the FLSA Collective, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

65.     Plaintiff consents in writing to be parties to this action under 29 U.S.C. § 216(b). See Exhibit A attached hereto.

66.     At all times relevant hereto, Plaintiff and the members of the FLSA Collective have been employed in an enterprise engaged in commerce or in the production of goods  for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a).

67.     Defendants  willfully  and  repeatedly  violated  the  Fair Labor Standards Act, 29

U.S.C. §§ 207 and 215(a)(2), by failing to pay Plaintiff and the members of the FLSA Collective at a rate not less than one and one-half times their regular rates of pay  for all work performed in excess of forty hours in a workweek.

68.     Defendants are liable to Plaintiff and the members of the FLSA Collective for unpaid overtime compensation.

69.     Plaintiff and the members of the FLSA Collective are further entitled to recover from Defendants an  equal amount as liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

70.     At all times relevant hereto, Defendants had a policy and practice of refusing to pay all of the overtime compensation owed to their employees for all hours worked in excess of forty hours per workweek.

71.     At all times relevant hereto, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff and the members of the FLSA Collective the statutorily required overtime rates for all hours worked in excess of forty (40) hours per workweek.

72.     Defendants' violation was willful and a three year limitations period should apply under 29 U.S.C. § 255(a).

73.     Plaintiff, on behalf of himself and the members of the FLSA Collective, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA, pre-and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION

**(NYLL - Failure to Pay Spread of Hours Pay & Overtime Wages, Brought by Plaintiff on Behalf of Himself and the Class)**

74.     Plaintiff, on behalf of himself and the Class Members, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

75.     At all relevant times, Defendants employed Plaintiff and the Class Members within the meaning of the NYLL §651 and 12 NYCRR § 146-3.2.

76.     It is unlawful under New York law for an employer to suffer or permit an employee to work without compensation for all hours worked.

77.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

78.     Throughout the Class Period, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the Class Members for all of the overtime hours worked at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

79.     Defendants violated and are violating Plaintiff and the Class Members' rights by failing to pay or  underpaying Plaintiff and the Class Members the required overtime wages, in violation of NYCRR § 146-1.4 and by failing to pay Plaintiffs and the Class Members for all hours worked.

80.     Defendants violated and are violating Plaintiff and the Class Members' rights by failing to pay or  underpaying Plaintiff and the Class Members the required spread of hours pay, in violation of NYCRR § 146-1.6.

81.     Defendants' failure to timely pay the Plaintiff and the Class Members the foregoing amounts is a violation of the NYLL.

82.     Pursuant to the NYLL, Defendants are liable to Plaintiff and the Class Members for unpaid or underpaid (1) overtime compensation, and (2) spread-of-hours

wages.

83.     Plaintiff and the Class Members are further entitled to recover liquidated damages, pursuant to NYLL § 198 and § 663(1).

84.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

85.     Plaintiff, on behalf of himself and the Class Members, seek damages in the amount of their respective unpaid overtime compensation, spread of hours pay, liquidated damages, prejudgment interest at the statutory rate, post judgment interest, attorneys' fees and costs, pursuant to the NYLL, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION

**(Notice Violations Brought by Plaintiff on Behalf of Himself and the Class)**

86.     Plaintiff, on behalf of himself and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

87.     Defendants failed to furnish to Plaintiff and the Class Members, at the time of hiring, a notice  containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,  salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage,  including tip, meal, or lodging allowances; the regular pay day designated by the employer; any  doing business as names used by the employer; the physical address of the employer's main office  or principal place of business, and a mailing address if different; the telephone number of the  employer, and anything otherwise required by law; in violation of the Wage Theft Prevention Act, NYLL § 195(1) and NYCRR § 146-2.2.

88.     Defendants failed to furnish to Plaintiff and the Class Members with each wage payment an accurate statement listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and NYCRR § 146-2.3.

89.     Defendants violated NYLL § 195(1) and (3) and consequently owe Plaintiff and the Class Members statutory damages as specified by NYLL § 198(1-d).

90.     Plaintiff, on behalf of himself and the Class Members, seek statutory damages as specified by NYLL § 198(1-b) and (1-d), reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, on behalf of himself, the members of the FLSA Collective, and the Class Members, pray for relief as follows:

(a)     Certification of this action as a collective action as it relates to the First Cause of Action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all members of the FLSA Collective described herein apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b)     Designation of Plaintiff and his counsel to represent the members of the FLSA Collective;

(c)     Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 as it

relates to the Second and Third Causes of Action;

(d)     Certification of Plaintiff as class representative and designation of Plaintiff's

counsel as class counsel;

(e)     An award of unpaid overtime compensation, unpaid hourly compensation, and

spread of hours pay, according to proof, including FLSA and NYLL liquidated

damages, and interest, to be paid by Defendants;

(f)     Statutory damages under NYLL § 198(1-b) and (1-d) for violations of NYLL §

195(1) and (3);

(g)     Costs of action incurred herein, including expert fees;

(h)     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, NYLL § 663;

(i)     Pre-Judgment and post-judgment interest, as provided by law; and

(j)     Such other and further legal and equitable relief as this Court deems necessary, just

and proper.

Dated: July 22, 2022

HARRISON, HARRISON & ASSOCIATES, LTD.

_____/s/DAVID HARRISON_____
David Harrison, Esq.
Julie Salwen, Esq.
dharrison@nynjemploymentlaw.com
110 State Highway 35, Suite 10
Red Bank, NJ 07701
(718) 799-9111 Phone
*Attorneys for Plaintiff and the Proposed FLSA*
*Collective and Class Members*

17

EXHIBIT "A"

I am a current or former employee of 7 STROMBOLI, LLC d/b/a GINO'S OF NESCONSET and related entities/ individuals.  I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this _____ day of _____ .   5/12/2022

DocuSigned by:

BAB3A62463DD44B...

_____
Signature

Wilson Maldonado

_____
Full Legal Name (print)